UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERIC P. LEBOUEF, SR.**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 09-4357**

**LAFOURCHE PARISH DETENTION CENTER**                       **SECTION: "R"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Eric P. LeBoeuf, Sr., a state pretrial detainee, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement. In the complaint, he named the "Lafourche Parish Detention Center" as the sole defendant.

On July 10, 2009, the Court notified plaintiff that the Lafourche Parish Detention Center was not a proper defendant. The Court therefore ordered plaintiff to file an amended complaint naming a proper defendant on or before July 31, 2009. Plaintiff was warned that if he failed to file an amended complaint as ordered, the undersigned would recommend that this lawsuit be dismissed.[1] Plaintiff has not complied with that order.

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1] Rec. Doc. 4.

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing the complaint,[3] the Court nevertheless finds that, for the following reasons, plaintiff's claims should be dismissed as frivolous.

## Lafourche Parish Detention Center

As plaintiff was previously notified, the "Lafourche Parish Detention Center" is not a proper defendant. Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... (Emphasis added.)

A jail is a building, not a "person" subject to suit under § 1983. See Verrette v. Webre, Civ. Action No. 08-4240, 2009 WL 481263, at *1 (E.D. La. Feb. 20, 2009); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993);

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Plaintiff has failed to name a proper defendant despite expressly being given an opportunity to do so. Therefore, his complaint should be dismissed as frivolous.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's § 1983 claims against the Lafourche Parish Detention Center be dismissed as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of August, 2009.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**